# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE F. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 5:16-CV-02317 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In November of 2012, Plaintiff Diane Williams applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13, 24, 25). On August 18, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for benefits on November 26, 2012, alleging disability beginning July 12, 2011. (T at 167-75).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 19, 2015, a hearing was held before ALJ Nancy Stewart. (T at 33). Plaintiff appeared with an attorney and testified. (T at 37-51). The ALJ also received testimony from Kristan Cicero, a vocational expert. (T at 51-53).

On May 22, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 16-32). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record transcript at Docket No. 17.

decision on September 9, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 10-15).

On November 7, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on April 4, 2017. (Docket No. 16). The parties filed a Joint Stipulation on July 17, 2017. (Docket No. 22).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case be dismissed.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 12, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2017. (T at 21). The ALJ found that Plaintiff's diabetes, hypothyroidism, hypertension, disorder of the lumbar spine with sciatica, diabetic polyneuropathy, right knee osteoarthritis, left knee tear to the posterior horn, disorder of the wrist with pain, and obesity were "severe" impairments under the Act. (Tr. 21).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 22).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b) as follows: frequent lifting/carrying of weight no greater than 10 pounds; occasional lifting/carrying of weight no greater than 20 pounds; pushing/pulling within those weight limits, with no operation of foot pedals bilaterally; standing/walking for 4 hours in an 8-hour workday, with the use of a cane permitted for prolonged walking; sitting for 6 hours in an 8-hour workday, with permission to stand and stretch not more than 10% of the day; no climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, crawling, climbing ramps and stairs; frequent handling and fingering; no concentrated exposure to respiratory irritants and no exposure to work hazards. (T at 22).

The ALJ found that Plaintiff could perform her past relevant work as an order clerk. (T at 26). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between July 12, 2011 (the alleged onset date) and May 22, 2015 (the date of the decision) and was therefore not

8
DECISION AND ORDER – WILLIAMS v BERRYHILL 5:16-CV-02317-VEB

entitled to benefits. (T at 27). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 10-15).

**D.     Disputed Issue**

As set forth in the Joint Stipulation (Docket No. 22, at p. 5), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed - she challenges the ALJ's credibility determination.

### IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff stated as follows: She has weakness in her legs and feet and knee pain bilaterally. (T at 39). Degenerative arthritis in her hips and lower back is limiting and painful. (T at 39). She has vision problems, uses a back brace, and uses a cane. (T at 38-39). She lives with her boyfriend, who assists with household chores. (T at 48, 246). Her activities are limited by pain. (T at 237, 246). Vision problems and grasping difficulties prevent her from sewing and doing crafts. (T at 47). Lifting is difficult. (T at 246). Using a computer is challenging because of problems with her vision and hands. (T at 46). Medication side effects impact her ability to concentrate. (T at 240).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 23).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

No treating or examining physician assessed disabling limitations or opined that Plaintiff was disabled. Both consultative examiners (Dr. Albert Savage and Dr. Bahaa Girgis) concluded that Plaintiff had no limitation with regard to gross or fine motor skills and found her RFC *less* restricted than the ALJ's assessment (*i.e.*, the ALJ gave some credence to Plaintiff's subjective complaints and found her to be more limited than the consultative examiners did). (T at 402-08, 417-27). *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that examining physician's "opinion alone constitutes substantial evidence, because it rests on his own independent examination of [claimant]").

Likewise, the State Agency review consultants concluded that Plaintiff was capable of work at the medium exertion level, which is less restrictive than the ALJ's findings. (T at 26). *See* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

The ALJ also reasonably concluded that the medical record did not support the degree of disability alleged by Plaintiff. (T at 25). Examination notes reported

11
DECISION AND ORDER – WILLIAMS v BERRYHILL 5:16-CV-02317-VEB

no evidence of diabetic retinopathy, neuropathy, or radiculopathy. (T at 404-06, 420-21). Plaintiff's treating physicians reported full muscle strength, normal gait, and mild tenderness in her back. (T at 368, 374, 376). Diagnostic tests, including MRI results, revealed only mild findings. (T at 350-52, 361-62, 387-88, 449-50, 455, 457).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that some of Plaintiff's more severe complaints were not contemporaneously documented in the record to the degree one would expect if the severity of the symptoms were as she alleged. For example, while Plaintiff claimed limitations arising from hand and wrist symptoms, the treatment records do not document significant clinical findings as to the range of motion in her upper extremities or sustained complaints of severe issues regarding these areas. (T at 275,

12

DECISION AND ORDER – WILLIAMS v BERRYHILL 5:16-CV-02317-VEB

297, 399, 405, 420). Plaintiff also claimed vision problems, but vision tests were normal (T at 404, 425) and Plaintiff apparently sought no vision treatment.

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Moreover "[e]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Plaintiff challenges the ALJ's credibility determination and offers an alternative reading of the evidence that highlights the aspects of the record that tend to support her claims. However, where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner]."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing.").

There is no question that Plaintiff suffers from some degree of pain and limitation. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient, without more, to justify an award of benefits. Rather, the pain must be so severe as to preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of non-disabling pain would expand the class of recipients far beyond that contemplated by the statute."); *Curbow v. Colvin*, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

Accordingly, this Court finds no reversible error as to the ALJ's credibility determination and concludes that the denial of benefits must therefore be affirmed.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including

the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 10th day of April 2018,

          /s/Victor E. Bianchini
         VICTOR E. BIANCHINI
   UNITED STATES MAGISTRATE JUDGE